**Jimmy D. JEFFLO, Petitioner—Appellant,**

v.

**A.A. LAMARQUE, Warden; Attorney General of the State of California, Respondents—Appellees.**

No. 00–56186.

D.C. No. CV–99–08221–DT.

United States Court of Appeals, Ninth Circuit.

Submitted April 12, 2002.*

Decided May 21, 2002.

Before REINHARDT and GRABER, Circuit Judges, and HUNT,** District Judge.

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable Roger L. Hunt, United States District Judge for the District of Nevada, sitting by designation.

**MEMORANDUM ***

Jimmy D. Jefflo appeals the district court's denial of his petition for habeas corpus. He contends that his Fourteenth Amendment right to equal protection was violated when the state trial court denied his request for a transcript of his first trial, which had ended in a mistrial. Because Jefflo's federal habeas petition was filed after the effective date of the Anti–Terrorism and Effective Death Penalty Act ("AEDPA"), he must establish that the state court ruling was "contrary to" or involved an "unreasonable application" of clearly established Supreme Court law in order to obtain habeas relief. *See* 28 U.S.C. § 2254(d); *Williams v. Taylor,* 529 U.S. 362, 405–07, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). He has not met that burden.

In *Britt v. North Carolina,* 404 U.S. 226, 227–28, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971), a case on which the California Court of Appeal relied, the Supreme Court held that the state, upon request, is constitutionally required to provide an indigent defendant with a free trial transcript of a prior mistrial, or an alternative device that would serve the same function as the transcript. The Ninth Circuit, interpreting *Britt,* has stated that an indigent defendant must make a *timely* request for the transcript. *See, e.g. United States v. Devlin,* 13 F.3d 1361, 1364 (9th Cir.1994); *United States v. Rosales–Lopez,* 617 F.2d 1349, 1355 (9th Cir.1980), *aff'd on other grounds,* 451 U.S. 182, 101 S.Ct. 1629, 68 L.Ed.2d 22 (1981). In this case, Jefflo did not make a request for the transcript of the first trial until the day that his second

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

trial was scheduled to begin. The court reporter estimated that it would be almost three weeks before she could have the transcript ready. Jefflo had previously twice appeared before the court on preliminary matters relating to his second trial and had not made any request for a transcript on either of those occasions. Because the California Court of Appeal's ruling that the request was untimely did not constitute an unreasonable application of *Britt,* Jefflo is not entitled to habeas relief.

AFFIRMED.